1 | THOMAS P. BROWN IV State Bar No. 97315
tbrown@browngitt.com
2 | SHERRY B. SHAVIT      State Bar No. 193222
sshavit@browngitt.com
3 | BROWN GITT LAW GROUP, LLP
300 N. Lake Avenue, Suite 200
4 | Pasadena, California 91101
Telephone: 626.229.1919
5 | Facsimile: 626.229.1917

6 | Attorneys for Defendant,
PINKERTON GOVERNMENT SERVICES, INC.
7 |

**FILED**

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

11 MAR 30 PM 3: 33

BY:___

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 | **SACV11-00493 DOC (RZx)**

11 | CATHERINE E. AVILEZ, as an individual and on behalf of all others similarly situated,

CASE NO.

12 |

**DEFENDANT PINKERTON GOVERNMENT SERVICES, INC.'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1331 & 1441(b) (Federal Question) and 28 U.S.C. §§ 1332(d) & 1453 (Class Action Fairness Act of 2005)**

13 |                   Plaintiff,

14 |          v.

15 | PINKERTON GOVERNMENT SERVICES, INC., a corporation; and

16 | DOES 1 through 50, inclusive,

17 |                   Defendants.

18 |

19 | **PLEASE TAKE NOTICE** that Defendant Pinkerton Government Services,

20 | Inc. ("Defendant" or "PGS"), contemporaneously with the filing of this notice, is

21 | effecting the removal of the below referenced action from the Superior Court in the

22 | State of California for the County of Orange to the United States District Court for

23 | the Central District of California.

24 | The removal is based on 28 U.S.C. §§ 1331 and 1441(b) and the Class

25 | Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2 § 5, 119 Stat. 4 (Feb.

26 | 18, 2005) (codified in various sections of 28 U.S.C., including 28 U.S.C. §§

27 | 1332(d) and 1453), specifically, on the following grounds:

28 | ///

## I.    PLEADINGS, PROCESS AND ORDERS

1.  On or about February 28, 2011, Plaintiff Catherine E. Avilez ("Plaintiff") commenced the above-entitled civil action in the Superior Court for the County of Orange by filing a Complaint therein entitled <u>Catherine E. Avilez, as an individual and on behalf of all other persons similarly situated vs. Pinkerton Government Services, Inc., a corporation; and Does 1 through 50, inclusive,</u> Case No. 30-2011-00453890-CU-OE-CXC.  True and correct copies of the Complaint and Civil Case Cover Sheet are attached hereto and incorporated herein by reference as Exhibit I.

2.  The Complaint was served on Defendant by personal delivery on National Registered Agents, Inc., Defendant's registered agent of process, on March 4, 2011.  True and correct copies of the Summons and National Registered Agents, Inc.'s Service of Process Summary Transmittal Form are attached hereto and incorporated herein by reference as Exhibit J.

3.  A true and correct copy of Defendant's Answer to Complaint for Damages, filed on or about March 28, 2011, is attached hereto and incorporated herein by reference as Exhibit K.

4.  The attached exhibits constitute all the papers and processes that have been filed or received by Defendant in this matter.

## II.    THIS ACTION PRESENTS A REMOVABLE FEDERAL QUESTION UNDER ERISA

### A.    Plaintiffs Seek Payment of Vacation Benefits Provided and Governed by an ERISA Benefit Trust and Pay Plan

5.  Plaintiffs bring this suit on behalf of themselves and similarly situated persons alleging, in part, claims under: (1) California Labor Code § 227.3 for failing to pay allegedly owed vacation benefits; (2) penalties under California Labor Code § 203 for failure to pay allegedly owed vacation benefits upon termination of employment; and (3) California Business & Professions Code § 17200 for unfair competition because of the alleged failure to comply with

Defendant's Notice of Removal

California Labor Code §§ 201, 202, 203 and 227.3. Essentially, Plaintiffs claim that PGS has violated California Labor Code § 227.3 by maintaining a vacation policy that creates an unlawful forfeiture of accrued and unused vacation time. (Complaint ¶¶ 8, 17, 32-35 and 51-56.)

6.   Plaintiff seeks for herself, and all similarly situated individuals, among other things, payment of vacation benefits, civil penalties and restitution. (Complaint ¶¶ 17, 35, 36 and 53.)

7.   PGS is defined to be a "participating affiliate" pursuant to Securitas Security Services USA, Inc.'s ("SUSA") Vacation Pay Plan. (Declaration of James Walsh ("Walsh Decl.") ¶3.)

8.   Since the 1980's, SUSA has maintained a vacation benefits trust and a vacation pay plan ("Plan") under the Employee Retirement and Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* (Walsh Decl. ¶ 4 and Exhibit A attached thereto.) The maintenance of this Plan includes a written plan, the annual filing of an IRS Form 5500, as well as an annual audit conducted by a third-party external auditor. (Walsh Decl. ¶ 4 and Exhibits B, C attached thereto; *see also* Walsh Decl. ¶ 5 and Exhibits D, E, F, G attached thereto.) The Plan is funded to actuarially determined levels. (Walsh Decl. ¶¶ 6, 7 and Exhibits B, H attached thereto.) At all times relevant to this action, the Plan has governed vacation benefits for California employees. (Walsh Decl. ¶ 4 and Exhibit A attached thereto.)

9.   ERISA defines an "employee benefit plan" as "any plan established or maintained by an employer . . . for employees for the purpose of providing medical, unemployment, vacation . . .. or similar benefits or services." 29 U.S.C. § 1002(1). Therefore, SUSA's vacation benefits Plan comes within ERISA's ambit.

///

///

///

Defendant's Notice of Removal

**B.**  **ERISA Completely Preempts the State Court Action Because it is a Civil Action Arising Under the Laws of the United States Removable Under 28 U.S.C. § 1441(b)**

10. Where, as here, an employer has a vacation benefits trust under ERISA, state law does not apply because such a vacation ERISA plan is governed by federal law and not state law. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. %8, 67, 107 S.Ct. 1542, 1548 (1987).

11. 28 U.S.C. § 1441(b) states in pertinent part, "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties *or laws of the United States* shall be removable without regard to the citizenship or residence of the parties." (Emphasis added.)

12. ERISA contains two provisions relevant to the preemption analysis. First, ERISA § 514(a) [29 U.S.C. § 1144(a)] states that ERISA "shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan[.]"  Section 514(a) of ERISA expressly preempts any and all state laws that relate to a covered welfare benefit plan. *Ellenburg v. Brockway, Inc.*, 763 F.2d 1091 (9th Cir. 1985) (finding ERISA preemption applicable to state law claims).  Secondly, ERISA § 502(a) [29 U.S.C. § 1132(a)] provides an *exclusive* cause of action for violations of ERISA and displaces state law claims. *Metropolitan Life Ins. Co.*, 481 U.S. at 63-64 (finding "complete" preemption under ERISA of state law claims to enforce right to payments under disability benefits plan).

13. In regard to this displacement analysis, Congress "may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Id.* (noting "complete" preemption under ERISA for § 502 claims).  Where Congress has done so, the subject area is referred to as one of "complete" preemption. *Id.*

///

- 4 -

14. "'Complete' preemption operates to confer original federal subject matter jurisdiction notwithstanding the absence of a federal cause of action on the face of the complaint." *Bauman v. U.S. Healthcare, Inc.*, 193 F.3d 151, 160 (3rd Cir. 1999); *accord, Metropolitan Life Ins. Co.*, 481 U.S. at 63-64.

15. Thus, ERISA has such a strong preemptive force that a state law claim is not merely displaced, but is recharacterized as a federal claim under ERISA. *Id.* ERISA's legislative history "consistently sets out this clear intention to make § 502(a)(1)(B) suits brought by participants or beneficiaries, federal questions for the purposes of federal court jurisdiction in like manner as § 301 of the LMRA [Labor-Management Relations Act]." *Id.* at 65 (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54-55, 107 S.Ct. 1549, 1556-57 (1987)).

16. ERISA § 502(a) provides a comprehensive set of remedies including the right to recover benefits due under a plan, to enforce rights under the terms of an ERISA plan, to clarify rights to future benefits under the terms of an ERISA plan, to enjoin acts violating ERISA or the terms of the plan, and to obtain appropriate equitable relief to redress violations or enforce a Plan's terms. 29 U.S.C. § 1132(a). Where, as here, Plaintiffs seek remedies within the scope of those available under § 502(a), ERISA preemption is "complete." *Metropolitan Life Ins. Co.*, 481 U.S. at 66-67.

17. A state law claim falling within the scope of ERISA § 502(a) is completely preempted even if ERISA does not provide a remedy for the matters asserted in the state law complaint. *Pilot Life Ins. Co.*, 481 U.S. at 54. As stated in *Pilot Life*, "The policy choices reflected in the inclusion of certain remedies and exclusion of others under the federal scheme would be completely undermined if ERISA plan participants and beneficiaries were free to obtain remedies under state law that the Congress rejected in ERISA." *Id.*

18. Consequently, what Plaintiffs have pleaded as state law claims are "recharacterized" as federal claims:

Accordingly, this suit, though it purports to raise only state law claims, is necessarily federal in character by virtue of the clearly manifested intent of Congress. It, therefore "arise[s] under the . . . laws . . . of the United States," 28 U.S.C. § 1331, and is removable to federal court by the defendants, 28 U.S.C. § 1441(b).

*Metropolitan Life Ins. Co.*, 481 U.S. at 67; *accord Harris v. Provident Life & Acc. Ins. Co.*, 26 F.3d 930, 934 (9th Cir. 1994).

19. Because Plaintiffs' Complaint is controlled by and dependent upon important federal law, this action is properly removed from the Orange County Superior Court to this Court by virtue of 28 U.S.C. § 1441(a) and (b) and pursuant to the procedures set forth in 28 U.S.C. § 1446(a) and (b).  The District Court may exercise supplemental jurisdiction over Plaintiffs' remaining state claims by virtue of 28 U.S.C. § 1441(c).

## III.   CLASS ACTION FAIRNESS ACT OF 1995

20. Removal also is proper under the Class Action Fairness Act of 2005 (CAFA), Pub. L. No. 109-2 § 5, 119 Stat. 4 (Feb. 18, 2005) (codified in various sections of 28 U.S.C., including 28 U.S.C. §§ 1453 and 1332(d)), as applied by the Ninth Circuit Court of Appeals in *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018 (9th Cir. 2007) for the reasons stated below.

21. This action is a class action.  The Complaint states that Plaintiff brings a class action under California Code of Civil Procedure (C.C.P.) § 382.  (Complaint ¶ 17.)  C.C.P. § 384 acknowledges that § 382 allows a "class action."  C.C.P. § 382 is similar to Federal Rule of Civil Procedure 23.

### A.   The Proposed Class Consists of More Than 100 Members

22. CAFA does not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100."  28 U.S.C. section 1332(d)(5)(B).  This requirement is easily met in the case at bar.

23. Plaintiff seeks to represent a class consisting of all persons employed in California by Defendant as "security guards" at any time during the alleged class period.  (Complaint ¶ 17.)

- 6 -

24. During the relevant time period, Defendant employed 2,738 employees who fall within the ambit of Plaintiff's alleged class. Declaration of Amy Kaczke ¶3.

**B.   <u>There is Diversity Between At Least One Class Member and Defendant</u>**

25. Under 28 U.S.C. § 1332(d)(5), diversity is shown for purposes of a removal where "any member of a class of plaintiffs is a citizen of a State different from any defendant." This action meets the CAFA "minimal diversity" requirement.

26. PGS is informed and believes that Plaintiff resides in California. Complaint ¶8; Kaczke Decl. ¶ 8. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088 (9th Cir. 1983); *see also LeBlanc v. Cleveland,* 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined at the time the lawsuit is filed); *see also Lundquist v. Precision Valley Aviation, Inc.,* 946 F.2d 8, 10 (1st Cir. 1991). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *See Kanter v. Warner–Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001).

27. Conversely, Defendant is not a citizen of California. For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). PGS is incorporated in the State of Delaware. Complaint ¶ 9; Declaration of Ilene Reiter ("Reiter Decl.") ¶ 2. It is not a state, state official or other government entity exempt from CAFA. 28 U.S.C. § 1332(d)(5)(A). (Reiter Decl. ¶ 4.)

28. PGS's principal place of business is in Springfield, Virginia. Reiter Decl. ¶ 3. The United States Supreme Court has established that the "nerve center" test should be used to determine a corporation's "principal place of business." *See*

- 7 -

1  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192, 175 L. Ed. 2d 1029 (U.S. 2010).  A

2  corporation's "nerve center" is normally located where the corporation maintains

3  its corporate headquarters and where the "corporation's officers direct, control, and

4  coordinate the corporation's activities." *Id.*  In other words, a corporation's

5  "principal place of business" can be found where its "brain" is located. *Id.* at 1193.

6  This analysis focuses on the place at which the corporation's executive and

7  administrative functions are conducted.  *See Indus. Tectronics, Inc. v. Aero Alloy*,

8  912 F.2d 1090, 1092-93 (9th Cir. 1990); *see also State Farm Fire & Cas. Co. v.*

9  *Byrd*, 710 F. Supp. 1292, 1293 (N.D. Cal. 1989) (determining "nerve center" by

10  examining, among other factors, where the corporation's headquarters are located

11  and where its principal policy and executive decisions are made).

12      29. The President/Chief Executive Officer, Controller and Vice President of

13  Human Resources for PGS all work in the Springfield, Virginia office.  Reiter

14  Decl. ¶ 3.  In addition, the Vice President of Corporate Governance maintains an

15  office in Springfield.  Reiter Decl. ¶ 3.  Although PGS has Area Vice Presidents

16  across the country overseeing local operations, they all ultimately report into the

17  President/Chief Executive Officer in Springfield, who is responsible for the overall

18  direction of the company.  Reiter Decl. ¶ 3.  In addition, PGS's corporate policies

19  are issued and ultimately enforced through the officers in Springfield.  Reiter Decl.

20  ¶ 3.  Springfield is commonly referred to as PGS's "headquarters," and is the

21  center of the company's direction, control, and coordination.  Reiter Decl. ¶ 3.

22      30. Accordingly, the Plaintiff is a citizen of a State different from Defendant,

23  and diversity exists for purposes of CAFA jurisdiction.  *See* 28 U.S.C. §§

24  1332(d)(2)(A), 1453.

25      **C.    The Total Amount in Controversy Exceeds $5,000,000.00**

26          1.    Applicable Standard

27      31. This Court has jurisdiction under CAFA because in addition to the

28  factors satisfied above, the amount in controversy for all class members exceeds

Defendant's Notice of Removal

$5,000,000.00.  28 U.S.C. § 1332(d).

32. Plaintiff's Complaint is silent as to the total amount of monetary relief sought.  However, the failure of the Complaint to specify the total amount of monetary relief sought by Plaintiff does not deprive this Court of jurisdiction.  See, *White v. J.C. Penny Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding the failure of Plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by declining ... to place a specific dollar claim upon its claim.").  Defendant need only establish by a ***preponderance of evidence*** that Plaintiff's claim exceeds the jurisdictional minimum.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

33. In measuring the amount in controversy, a court must assume that the allegations of the Complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the Complaint.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 1001 (C.D. Cal. 2002).  The ultimate inquiry is what amount is put "in controversy" by the plaintiff's Complaint, not what a defendant will actually owe.  *Rippee*, 408 F. Supp. 2d at 986; *see also Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's Complaint).

34. The amount in controversy in this case is comprised of the potential monetary recovery for Plaintiff's four causes of action[1] together with Plaintiff's claim for statutory attorneys fees.  *See Lowdermilk* at 479 F.3d at 1000 ("Where an underlying statute authorizes an award of attorneys' fees, either with mandatory or

---

[1] (1) Violation of Labor Code §227.3 (failure to pay vested vacation pay); (2) Violation of Labor Code §226.7 (failure to provide meal periods); (3) Violation of Labor Code §226 (failure to provide accurate itemized wage statements); and (4) Unfair Business Practices (violation of California Business & Professions Code §17200 et seq.).

Defendant's Notice of Removal

discretionary language, such fees may be included in the amount in controversy.'")

(citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).).

35. Defendant denies the validity of Plaintiff's claims and requests for relief thereon.  However, removal is established by review of the facial allegations in Plaintiff's Complaint and his claimed damages.  As set forth below and in accompanying declarations, the amount in controversy is in excess of the jurisdictional minimum. *See, Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (finding that facts presented in notice of removal, combined with plaintiff's allegations, sufficient to support finding of jurisdiction); *DeAguillar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (stating that "defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount"); *accord, Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992); *White v. FCI USA, Inc.*, 319 F. 3d 672, 674 (5th Cir. 2003) (facially apparent from the lengthy list of damages, combined with a claim for attorneys' fees, that plaintiff's claim exceeded the jurisdictional threshold).

2. Plaintiff Seeks Nearly $5 Million in Civil Penalties for
Violations of Labor Code § 203

36. Plaintiff seeks penalties under Labor Code §203.  (Complaint ¶ 35.) Under Labor Code §203, an employee who does not receive all wages due at the time of termination or resignation is entitled to a "waiting time penalty" equal to one day of pay for every day until all wages are paid or the employee initiates an action for those wages, up to a maximum of thirty (30) days of pay.

37. There are no fewer than 1,213 former employees in the putative class during the relevant time period.[2]  Kaczke Decl. ¶ 4.  The average hourly rate for the putative class during this time period is $15.91.  Kaczke Decl. ¶ 6.  For purposes of calculating the amount in controversy, Defendant assumes an 8 hour workday even

---

[2] The statutory period for an action under Labor Code section 203 for wages and penalties commences three years prior to the filing date.  Labor Code section 203(b) ("Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise").

Defendant's Notice of Removal

though security guards sometimes worked longer hours.  Thus, assuming an 8 hour workday multiplied by the average hourly rate, the average earning per day per employee was $127.28.  Multiplying the average daily earnings by 30 days, multiplied by the 1,213 former employees in the putative class, the sum of potential Labor Code §203 penalties is **$4,631,719.20** [$127.28 x 30 x 1,213].

           3.    <u>Plaintiff Seeks Over $5 Million in Damages on Allegations of Missed Meal Breaks Pursuant to Labor Code § 226.7</u>

38. Labor Code §226.7 requires payment of one hour of wages for every missed meal breaks.

39. Plaintiff alleges that Defendant "regularly required" Plaintiff and members of the putative class to work through their meal periods. Complaint at ¶40.  Plaintiff and members of the putative class worked 779,512 shifts between February 28, 2008 to the present.  Kaczke Decl ¶ 5.  In light of the fact that Plaintiff and the putative class members allege that they were entitled to at least one meal break per shift (Complaint ¶39), the 779,512 shifts will be multiplied by the average hourly rate of $15.91, resulting in $12,402,035.92 in controversy.

40. If "routinely" is construed as even just 50% of the relevant shifts, the amount placed in controversy arising out of Plaintiff's meal break claim is **$6,201,017.96** [$12,402,035.92 x .50].

           4.    <u>Plaintiff Also Seeks Damages on Allegations of Failure to Pay Vacation Wages Pursuant to Labor Code § 227.3</u>

41. Labor Code §227.3 requires employers to pay employees all vested vacation time as wages upon termination of employment.

42. Pursuant to the Plan, security officers who have worked for PGS for at least one year but less than five years receive 40 hours of vacation annually; security officers who have worked at least five years but less than ten years receive 80 hours of vacation annually; and security officers who have worked ten years or more receive 120 hours of vacation annually.  (Exhibit A, p. 4 (Art. III §3.2) and p.

14 (Schedule A).)

43. Plaintiff alleges that PGS "uniformly" failed to pay Plaintiff and putative class members all vested vacation wages at the end of their employment. (Complaint ¶34.)  As noted above, there are no fewer than 1,213 former employees in the putative class during the relevant time period with an average hourly rate of $15.91.  Kaczke Decl. ¶¶ 4, 6.  For purposes of calculating the amount in controversy, Defendant assumes that all of these individuals were receiving the minimum 40 hours of annual vacation, and that they had 50% vesting at the time of the termination of their employment (*i.e.*, 20 hours vested).  Thus, 20 hours times the average hourly rate of $15.91 times 1,213 putative class members is **$385,976.60** [20 x $15.91 x 1,213].

### 5.   Plaintiff Also Seeks Attorneys' Fees

44. Plaintiff also seeks reasonable attorneys' fees, which this Court may consider in determining whether the amount in controversy has been satisfied. *See, e.g., Bell v. Preferred Life*, 320 U.S. 238 (1943); *Galt G/S/ v. JSS Scandanavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (including prayer for attorneys' fees in determining amount in controversy where potentially recoverable by statute); *Goldberg v. C.PC. Int'l. Inc.*, 578 F.2d 1365, 1367 (9th Cir. 1982) (stating that attorneys' fees may be taken into account to determine jurisdictional accounts); *Gibson v. Chrysler*, 261 F.3d 927 (9th Cir. 2001).

45. In California, where meal and rest break class actions have settled prior to trial for millions of dollars, it is not uncommon for attorneys' fees awards to be approximately thirty (30) percent of the settlement and, thus, in excess of $1,000,000.00. *See, e.g., West, et al. v. Circle K Stores, Inc.*, 2006 Mealey's Jury Verdicts & Settlement 1497 (Case No. S-04-0438) (E.D. Cal. 2006) (granting final approval in a meal and rest break class action where settlement fund totaled $5,000,000.00; class counsel awarded 30% of the settlement fund or $1,500,00.00).  Thus, based the amount placed in controversy by Plaintiff's claims for violations of

Defendant's Notice of Removal

1  Labor Code §§226.7 and 227.3 and § 203 penalties, the attorneys' fees in this case

2  will be at least approximately **$3,365,614.13** [$11,218,713.76 x .30].

3      46. Thus, the amount placed in controversy by Plaintiffs' Labor Code

4  §§226.7 and 227.3 claims, §203 penalties and statutory attorneys' fees is at least

5  **$14,584,327.89**. This amount far exceeds the $5,000,000 requirement, before the

6  Court even considers damages arising from Plaintiff's remaining claims.

7  **IV.   TIMELINESS OF REMOVAL**

8      47. This Notice of Removal is timely filed in that it has been filed within

9  thirty (30) days of service on SUSA of the Summons and Complaint and within

10  one year of the filing of the Complaint.  28 U.S.C. §1446(b); *Murphy Brothers,*

11  *Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("[A] named

12  defendant's time to remove is triggered by the simultaneous service of the

13  summons and complaint, or receipt of the complaint 'through service or

14  otherwise,' after and apart from service of the summons, but not by mere receipt of

15  the complaint unattended by any formal service.").

16      48. For all of the foregoing reasons, this Court has original jurisdiction under

17  28 U.S.C. §§ 1331 and 1441(b), and under the Class Action Fairness Act of 2005,

18  28 U.S.C. §§ 1332(d) and 1453.

19

20  DATED:  March 29, 2011        BROWN GITT LAW GROUP, LLP

21

22                      By: _____

23                         THOMAS P. BROWN IV
                       SHERRY B. SHAVIT

24                         Attorneys for Defendant
                       PINKERTON GOVERNMENT
                       SERVICES, INC.

25

26

27

28

1  Larry W. Lee (State Bar No. 228175)
2  Daniel H. Chang (State Bar No. 183803)
   **DIVERSITY LAW GROUP, A Professional Corporation**
3  444 S. Flower Street
   Citigroup Center · Suite 1370
4  Los Angeles, California 90071
5  (213) 488-6555
   (213) 488-6554 facsimile
6
7  Edward W. Choi, Esq. SBN 211334
   Paul M. Yi, Esq. SBN 207867
8  **LAW OFFICES OF CHOI & ASSOCIATES, A Professional Corporation**
   3435 Wilshire Boulevard, Suite 2400
9  Los Angeles, CA 90010-2006
   Telephone: (213) 381-1515
10 Facsimile: (213) 233-4409
11
   Attorneys for Plaintiff and the Class
12

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**02/28/2011** at 12:24:18 PM
Clerk of the Superior Court
By Maarit H Nordman, Deputy Clerk

13                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
14                     **FOR THE COUNTY OF ORANGE**
15

16 | CATHERINE E. AVILEZ, as an individual and
17 | on behalf of all others similarly situated,

18 |                    Plaintiff,
19 | vs.
20 | PINKERTON GOVERNMENT SERVICES,
   | INC., a corporation; and DOES 1 through 50,
21 | inclusive,
22 |                    Defendants.
23
24
25
26
27
28

Case No.:   30-2011-00453890-CU-OE-CXC

**CLASS ACTION**

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**

(1) **VIOLATION OF LABOR CODE SECTION 227.3;**

(2) **VIOLATION OF LABOR CODE SECTION 226.7;**

(3) **VIOLATION OF LABOR CODE SECTION 226;**

(4) **UNFAIR BUSINESS PRACTICES** (Violation of California Business & Professions Code §17200 et seq.).

**DEMAND FOR JURY TRIAL**

Judge Gail A. Andler

1

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1       Plaintiff CATHERINE E. AVILEZ (hereinafter referred to as "Plaintiff"), hereby submits

2   her class action complaint against Defendants PINKERTON GOVERNMENT SERVICES,

3   INC., and Does 1-50 (hereinafter collectively referred to as "DEFENDANTS") on behalf of

4   herself and the class of others similarly situated current and former employees of

5   DEFENDANTS for vacation wages owed, meal period wages, waiting time penalties, and

6   penalties for failure to keep accurate records, as follows:

7   **INTRODUCTION**

8       **1.** This class action is within the Court's jurisdiction under California Labor Code §§

9   201-204, 226, 226.7, 227.3, and California Business and Professions Code § 17200, et seq.,

10  (Unfair Practices Act).

11      **2.** This complaint challenges systemic illegal employment practices resulting in

12  violations of the California Labor Code and Business and Professions Code against employees of

13  DEFENDANTS.

14      **3.** Plaintiff is informed and believes and based thereon alleges DEFENDANTS, joint

15  and severally have acted intentionally and with deliberate indifference and conscious disregard to

16  the rights of all employees in failing to provide reimbursements for all work related expenses,

17  failing to provide meal periods, failing to pay at the end of employment all unused vested

18  vacation wages, and failure to keep proper records of wages earned and rates of pay and other

19  legally mandated records pursuant to Labor Code § 226.

20      **4.** Plaintiff is informed and believes and based thereon alleges DEFENDANTS have

21  engaged in, among other things a system of willful violations of the California Labor Code,

22  Business and Professions Code and applicable IWC wage orders by creating and maintaining

23  policies, practices and customs that knowingly deny employees: (a) all proper meal periods, (b)

24  payment of all unused vested vacation wages, and (c) accurate payroll records pursuant to Labor

25  Code § 226.

26      **5.** The policies, practices and customs of DEFENDANTS described above and below

27  have resulted in unjust enrichment of DEFENDANTS and an unfair business advantage over

2

1   businesses that routinely adhere to the strictures of the California <u>Labor Code</u>, <u>Business and</u>

2   <u>Professions Code</u>.

3   ## JURISDICTION AND VENUE

4   6.  The Court has jurisdiction over the violations of the California <u>Labor Code</u> §§ 201-

5   204, 226, 226.7, 227.3 and California <u>Business and Professions Code</u> § 17200, et seq., (Unfair

6   Practices Act).

7   7.  Venue is proper because the DEFENDANTS do business in the State of California,

8   with its registered office in the County of Orange.

9   ## PARTIES

10   8.  Plaintiff CATHERINE E. AVILEZ was employed by DEFENDANTS from October

11   14, 2001 to on or about January 29, 2011.  Plaintiff was employed as a security guard during her

12   employment with DEFENDANTS.  Plaintiff was not paid one additional hour of wages for each

13   meal period she missed.  Plaintiff did not get paid all of her unused vested vacation wages at the

14   time of the end of her employment.  DEFENDANTS did not keep accurate records of Plaintiff's

15   work and payment.  Plaintiff was and is a victim of the policies, practices and customs of

16   DEFENDANTS complained of in this action in ways that have deprived him of the rights

17   guaranteed him by California <u>Labor Code</u> §§ 201-204, 226, 226.7, 227.3, California <u>Business</u>

18   <u>and Professions Code</u> §17200, et seq., (Unfair Practices Act).

19   

20   9.  Plaintiff is informed and believes and based thereon alleges Defendant

21   PINKERTON GOVERNMENT SERVICES, INC.  (hereafter "DEFENDANTS") was and is a

22   Delaware corporation registered to do business in the State of California providing security

23   services in California.

24   10.  Plaintiff is informed and believes and thereon alleges that at all times herein

25   mentioned DEFENDANTS and DOES 1 through 50, are and were corporations, business

26   entities, individuals, and partnerships, licensed to do business and actually doing business in the

27   State of California.

28   11.  As such, and based upon all the facts and circumstances incident to

3

DEFENDANTS' business in California, DEFENDANTS are subject to California <u>Labor Code</u> §§ 201-204, 226, 226.7, 227.3, and California <u>Business and Professions Code</u> § 17200, et seq., (Unfair Practices Act).

12.     Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the DEFENDANTS sued herein as DOES 1 through 50, inclusive, and for that reason, said DEFENDANTS are sued under such fictitious names, and Plaintiff prays leave to amend this complaint when the true names and capacities are known.  Plaintiff is informed and believes and thereon alleges that each of said fictitious DEFENDANTS was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

13.     At all times herein mentioned, each of said DEFENDANTS participated in the doing of the acts hereinafter alleged to have been done by the named DEFENDANTS; and furthermore, the DEFENDANTS, and each of them, were the agents, servants and employees of each of the other DEFENDANTS, as well as the agents of all DEFENDANTS, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

14.     Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the DEFENDANTS named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-DEFENDANTS and was acting within the course and scope of such agency, employment, joint venture, or concerted activity.  To the extent said acts, conduct, and omissions were perpetrated by certain DEFENDANTS, each of the remaining DEFENDANTS confirmed and ratified said acts, conduct, and omissions of the acting DEFENDANTS.

15.     At all times herein mentioned, DEFENDANTS, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

16.     At all times herein mentioned, the acts and omissions of various DEFENDANTS,

4

1   and each of them, concurred and contributed to the various acts and omissions of each and all of

2   the other DEFENDANTS in proximately causing the injuries and damages as herein alleged.  At

3   all times herein mentioned, DEFENDANTS, and each of them, ratified each and every act or

4   omission complained of herein.  At all times herein mentioned, the DEFENDANTS, and each of

5   them, aided and abetted the acts and omissions of each and all of the other DEFENDANTS in

6   proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

17.     **Definition:**  The named individual Plaintiff brings this action on behalf of herself

and the class pursuant to California Code of Civil Procedure § 382.  The Classes consists of (1)

all DEFENDANTS' former California employees whose employment ended between February

22, 2007 and the present who were not paid at the end of their employment all vested, unused

vacation wages; (2) all DEFENDANTS' past and present California employees who worked

more than 5 hours in any work shift as a Security Guard from February 22, 2007 through the

present; and (3) all DEFENDANTS past and present California employees who worked as

Security Guards from February 22, 2007 through the present who received itemized wage

statements.

18.     **Numerosity:**  The members of the class are so numerous that joinder of all

members would be impractical, if not impossible.  The identity of the members of the class is

readily ascertainable by review of DEFENDANTS' records, including payroll records. Plaintiff

is informed and believes and based thereon alleges that (a) class members regularly were denied

payment of all vacation wages, and meal period wages, (b) DEFENDANTS did not maintain

accurate records pursuant to California Labor Code § 226, and (c) DEFNEDANTS engaged in

unfair practices.

19.     **Adequacy of Representation:**  The named Plaintiff is fully prepared to take all

necessary steps to represent fairly and adequately the interests of the class defined above.

Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and

individual Plaintiff.  Plaintiff's attorneys have prosecuted and settled wage-and-hour class

actions in the past and currently have a number of wage-and-hour class actions pending in California courts.

20.    DEFENDANTS uniformly administered a corporate policy, practice and/or United of not paying members of the class reimbursements for work related expenses, vacation wages, and meal period wages with respect to their employees.  Plaintiff is informed and believes and based thereon alleges this corporate conduct is accomplished with the advance knowledge and designed intent to willfully withhold appropriate wages for work performed by class members.

21. In addition, DEFENDANTS uniformly administered a corporate policy, practice that failed to comply with Labor Code § 226 by failing to maintain accurate records as prescribed in this code section.  Plaintiff is informed and believes and based thereon alleges this corporate conduct is accomplished with the advance knowledge and designed intent to willfully and intentionally fail to accurately record proper rates of pay, hours worked, net wages, and deductions.

22.    Plaintiff is informed and believes and based thereon alleges DEFENDANTS, in violation of California Labor Code §§ 201 and 202, et seq., respectfully, had a consistent and uniform policy, practice and United of willfully failing to comply with Labor Code §§ 203, 226, 226.7, and 227.3.  Plaintiff and other members of the class did not secret or absent themselves from DEFENDANTS, nor refuse to accept the earned and unpaid wages from DEFENDANTS. Accordingly, DEFENDANTS are liable for waiting time compensation for the unpaid wages to separated employees pursuant to California Labor Code § 203.

23.    **Common Question of Law and Fact:**  There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the class concerning whether (a) class members regularly were denied payment of meal period wages and vacation wages due, and (b) DEFENDANTS did not maintain accurate records of class members in violation of California Labor Code §§ 226.  DEFENDANTS' employment policies and practices wrongfully and illegally failed to compensate Plaintiff and the other members of the

class as required by California law.

24.    **Typicality:** The claims of Plaintiff are typical of the claims of all members of the class.  Plaintiff is a members of the class and has suffered the alleged violations of California Labor Code §§ 201-204, 226, 226.7 and 227.3.

25.    The California <u>Labor Code</u> and upon which Plaintiff bases her claims are broadly remedial in nature.  These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California.  These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

26.    The nature of this action and the format of laws available to Plaintiff and members of the class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.  If each employee were required to file an individual lawsuit, the corporate DEFENDANTS would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources.  Requiring each class member to pursue and individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

27.    The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual class members against the DEFENDANTS and which would establish potentially incompatible standards of conduct for the DEFENDANTS, and/or (b) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests.  Further, the claims of the

7

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

28.    Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the class identified herein, in a civil action, for the unpaid balance of the full amount unpaid wages, including interest thereon, applicable penalties, reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code §§ 218.5, 218.6, 226 and Code of Civil Procedure § 1021.5.

29.    Proof of a common business practice or factual pattern, which the named Plaintiff experienced and is representative of, will establish the right of each of the members of the Plaintiff class to recovery on the causes of action alleged herein.

30.    The Plaintiff class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by DEFENDANTS.  The Plaintiff class is commonly entitled to restitution of those funds being improperly withheld by DEFENDANTS. This action is brought for the benefit of the entire class and will result in the creation of a common fund.

## FIRST CAUSE OF ACTION
### FOR FORFEITURE OF VACATION WAGES
### IN VIOLATION OF LABOR CODE § 227.3
### (AGAINST ALL DEFENDANTS BY PLAINTIFF)

31.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31 as though fully set for herein.

32.    This cause of action is brought pursuant to Labor Code § 227.3 which prohibits employers from forfeiting the vested vacation wages of their employees.

33.    Plaintiffs had unused vested vacation wages that were not paid out to them in a timely fashion at the end of their employment in violation of Labor Code § 227.3.

34.    As a matter of uniform corporate policy and procedure and practices

8

DEFENDANTS violated <u>Labor Code</u> § 227.3 by failing to pay Plaintiff and members of the class all vested vacation wages at the end of their employment. The uniform policy of not paying Plaintiff and class members all vested vacation wages at the end of their employment caused a forfeiture of vested vacation wages in violation of <u>Labor Code</u> § 227.3.

35.     The conduct of DEFENDANTS and their agents and employees as described herein was willful and was done in conscious disregard of Plaintiff and class members' rights, and done by managerial employees of DEFENDANTS and supports an award of up to 30 days of pay, under <u>Labor Code</u> § 203, as penalties for Plaintiffs and each former employee of DEFENDANTS who were not paid out all vested vacation wages.

36.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff class members in a civil action for damages and wages owed and for costs and attorney's fees and interest pursuant to <u>Labor Code</u> §§ 218.5 and 218.6.

<u>**SECOND CAUSE OF ACTION**</u>

**FOR VIOLATIONOF LABOR CODE § 226.7**

**REGARDING MEAL PERIOD WAGES**

**(AGAINST ALL DEFENDANTS BY PLAINTIFF)**

37.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 36 as though fully set for herein.

38.     DEFENDANTS failed in their affirmative obligation to ensure that all of their employees, including Plaintiff, and other class members, had the opportunity to take and were provided with all proper meal periods in accordance with the mandates of the California Labor Code and the applicable IWC Wage Order. Plaintiff and class members were suffered and permitted to work through legally required meal breaks and were denied the opportunity to take their meal breaks. As such, DEFENDANTS are responsible for paying premium compensation for missed meal periods pursuant to Labor Code § 226.7 and the applicable IWC Wage Order. DEFENDANTS, as a matter of corporate policy and procedure, regularly failed to pay such

9

premium compensation for each meal period Plaintiff and the class members missed.

39.     Plaintiff and class members regularly worked in excess of five (5) hours per day and accordingly had a right to take a 30-minute meal period each day worked in excess of five (5) hours. Furthermore, Plaintiffs and class members who worked in excess of ten (10) hours per day had a right to take a second 30-minute meal period each day worked in excess of ten (10) hours.

40.     As a pattern and practice, DEFENDANTS regularly required employees to work through their meal periods without proper compensation and denied Plaintiff and their employees the right to take proper meal periods as required by law.

41.     This policy of requiring employees to work through their legally mandated meal periods and not allowing them to take proper meal periods is a violation of California law.

42.     Plaintiffs are informed and believe and based thereon allege that DEFENDANTS willfully failed to pay employees who were not provided the opportunity to take meal breaks the premium compensation set out in Labor Code § 226.7 and the applicable IWC Wage Order and that Plaintiff and those employees similarly situated as them are owed wages for the meal period violations set forth above. Plaintiff is informed and believes and based thereon alleges DEFENDANTS' willful failure to provide Plaintiff and other class members the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other members of the class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

43.     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and class members identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code § 226.7 and the applicable IWC Wage Order, including interest thereon, penalties, reasonable attorney's fees, and costs of suit.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

### THIRD CAUSE OF ACTION

## FOR VIOLATION OF LABOR CODE § 226 REGARDING RECORD KEEPING

### (AGAINST ALL DEFENDANTS BY PLAINTIFF)

**44.**     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 43 as though fully set for herein.

**45.**     DEFENDANTS failed in their affirmative obligation to keep accurate records regarding the rates of pay of their California employees in pay periods.  DEFENDANTS, as a matter of policy and practice, did not maintain accurate records in violation of Labor Code § 226.

**46.**     For example, as a matter of policy and practice, among the violations of Labor Code § 226, DEFENDANTS failed to keep accurate records of Plaintiff's and the class members' hours worked, rates of pay, net wages earned, daily or weekly pay, and/or vacation wages earned.

**47.**     As a matter of uniform policy and practice, DEFENDANTS failed in their affirmative obligation to keep accurate records regarding the wages earned in pay periods of their California employees.

**48.**     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the class identified herein, in a civil action, for all damages and/or penalties pursuant to Labor Code § 226, including interest thereon, penalties, reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code § 226.

**49.**     DEFENDANTS' wrongful and illegal conduct in failing to accurately record the hours worked in accordance with Labor Code § 226 despite the clear legal obligation to do so, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiff and all members of the class in that the DEFENDANTS will continue to violate these California laws, represented by labor statutes, unless specifically ordered to comply with same.  This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are

11

entitled under California law.  Plaintiff has no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

## FOURTH CAUSE OF ACTION

## FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.

### (AGAINST ALL DEFENDANTS BY PLAINTIFF)

50.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 49 as though fully set for herein.

51.    DEFENDANTS, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, inclusive, to wit, by (a) not paying employees the vacation wages owed, and (b) not paying employees the meal period wages owed.

52.    DEFENDANTS' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over DEFENDANTS' competitors.

53.    Plaintiff seeks, on her own behalf, and on behalf of other members of the class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the DEFENDANTS by means of the unfair practices complained of herein.

54.    Plaintiff seeks, on her own behalf, and on behalf of other members of the class similarly situated, an injunction to prohibit DEFENDANTS from continuing to engage in the unfair business practices complained of herein.

55.    The acts complained of herein occurred within the last four years preceding the filing of the complaint in this action.

56.    Plaintiff is informed and believes and on that basis allege that at all times herein mentioned DEFENDANTS have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200 et seq., including those set forth herein above thereby depriving Plaintiff and other members of the class the minimum

12

working condition standards and conditions due to them under the California laws and Industrial Welfare Commission wage orders as specifically described therein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment for herself and all others on whose behalf this suit is brought against DEFENDANTS, jointly and severally, as follows:

1. For an order certifying the proposed Classes;

2. For an order appointing Plaintiff as the representative of the Classes;

3. For an order appointing Counsel for Plaintiff as class counsel;

4. Upon the First Cause of Action, for all vacation wages owed, for punitive and exemplary damages according to proof, and for waiting time wages according to proof pursuant to California Labor Code § 203;

5. Upon the Second Cause of Action, for all meal period wages owed, for punitive and exemplary damages according to proof, and for waiting time wages according to proof pursuant to California Labor Code § 203;

6. Upon the Third Cause of Action, for damages or penalties pursuant to statute as set forth in California Labor Code § 226, and for costs and attorney's fees;

7. Upon the Fourth Cause of Action, for restitution to Plaintiff and other similarly effected members of the general public of all funds unlawfully acquired by DEFENDANTS by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 et seq., for an injunction to prohibit DEFENDANTS to engage in the unfair business practices complained of herein, for an injunction requiring DEFENDANTS to give notice to persons to whom restitution is owing of the means by which to file for restitution;

8. On all causes of action for attorneys fees, interest, and costs as provided by California Labor Code §§ 218.5, 218.6, 226, and Code of Civil Procedure § 1021.5 and for such other and further relief the Court may deem just and proper.

13

Dated:  February 28, 2011

DIVERSITY LAW GROUP, PC

By: _____
      Larry W. Lee, Esq.
      Attorney for Plaintiff and the class

## DEMAND FOR JURY TRIAL

Plaintiff, for herself and the class, hereby demands a jury trial as provided by California law.

Dated: February 28, 2011

DIVERSITY LAW GROUP, PC

By: _____
      Larry W. Lee, Esq.
      Attorney for Plaintiff and the class

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Larry W. Lee <br> Diversity Law Group, A Professional Corporation <br> 444 S. Flower Street, Suite 1370 <br> Los Angeles, CA 90071 <br> TELEPHONE NO.: (213) 488-6555   FAX NO.: <br> ATTORNEY FOR (Name): Plaintiff and the Class | **ELECTRONICALLY FILED** <br> Superior Court of California, <br> County of Orange <br> **02/28/2011** at 12:24:16 PM <br> Clerk of the Superior Court <br> By Maarit H Nordman, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange
STREET ADDRESS: 751 West Santa Ana Boulevard
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Complex Litigation

CASE NAME:
AVILEZ v. PINKERTON GOVERNMENT SERVICES, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | C. 30-2011-00463890-CU-OE-CXC |
|---|---|---|---|
| [✓] Unlimited <br> (Amount <br> demanded <br> exceeds $25,000) | [ ] Limited <br> (Amount <br> demanded is <br> $25,000 or less) | [ ] Counter  [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | JUDGE:  Judge Gail A. Andler <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation <br> (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [✓] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify):
5. This case [✓] is  [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 2-28-11

Larry W. Lee
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PINKERTON GOVERNMENT SERVICES, INC., a corporation; and
DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CATHERINE E. AVILEZ, as an individual and on behalf of all others
similarly situated

</td><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**03/01/2011** at 01:19:00 PM
Clerk of the Superior Court
By Maarit H Nordman, Deputy Clerk

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of California, County of Orange
751 W. Santa Ana Blvd., Santa Ana, CA 92701

</td><td>

CASE N
*(Número* 30-2011-00463890-CU-OE-CXC

Judge Gail A. Andler

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Larry W. Lee, Esq., Diversity Law Group, 444 S. Flower St. #1370, Los Angeles, CA 90071, 213-488-6555

<table>
<tr><td>

DATE 03/01/2011   ALAN CARLSON, Clerk of the Court
*(Fecha)*                                                    *(Secretario)*

</td><td>

Clerk, by *(signature)*, Deputy
*(Adjunto)*

Maarit H Nordman

</td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Pinkerton Government Services Inc. ja Corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

<table>
<tr><td>

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

</td><td>

**SUMMONS**

</td><td>

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

</td></tr>
</table>

## *NATIONAL REGISTERED AGENTS, INC.*

### *SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM*

To:   JOSIAH ROCHA
      SECURITAS SECURITY SERVICES USA, INC.
      4330 PARK TERRACE DRIVE
      WEST LAKE VILLAGE, CA 91361

SOP Transmittal # **CA88203**

(888) 617-4545 - Telephone
(609) 716-0820 - Fax

Entity Served: PINKERTON GOVERNMENT SERVICES, INC. (Domestic State: DELAWARE)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of CALIFORNIA on this 4 day of March, 2011. The following is a summary of the document(s) received:

1.    **Title of Action:** Catherine E. Avilez v. Pinkerton Government Services, Inc., et al.

2.    **Document(s) served:** Summons/Citation/Third Party Summons, Complaint/Petition/Third Party Complaint, Demand for Jury Trial
                             Other: Class Action Complaint

Securitas Security Services USA, Inc.
**Legal Department**

3.    **Court of Jurisdiction/**    Orange County Superior Court
      **Case & Docket Number:**    30-2011-00453890-CU-OE-CXC

MAR 0 7 2011

4.    **Amount Claimed, if any:** Please See Attached

**Received**

5.    **Method of Service** (select one):
      ✗ Personally served by:    ✗ Process Server        __ Deputy Sheriff        __ U. S Marshall
      __ Delivered Via:          __ Certified Mail        __ Regular Mail          __ Facsimile
                                 (Envelope enclosed)      (Envelope enclosed)
      __ Other (Explain):

6.    **Date and Time of Receipt:** 3/4/2011 5:34:57 PM EST (GMT -5)

7.    **Appearance/Answer Date:** 30 Days

8.    **Received From:**          Larry W. Lee, Esq.          9.  **Federal Express Airbill #** 794495150593
      (Name, Address & Telephone Number) Diversity Law Group
                                 444 S. Flower Street        10. **Call Made to:** JOSIAH ROCHA
                                 #1370
                                 Los Angeles, CA 90071
                                 (213) 488-6555
11.   **Special Comments:**
Email notification was sent to: JOSIAH ROCHA.

**NATIONAL REGISTERED AGENTS, INC.**                    **Copies To:**

Transmitted by Meagan Seymour

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

1  | Thomas P. Brown IV        State Bar No. 97315
2  | Sherry B. Shavit          State Bar No. 193222
   | **BROWN GITT LAW GROUP, LLP**
3  | 300 North Lake Avenue, Suite 200
   | Pasadena, California 91101
4  | Telephone:   626.229.1919
   | Facsimile:    626.229.1917

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**03/28/2011** at 11:14:00 AM

Clerk of the Superior Court
By Jaime Cordero, Deputy Clerk

5  | Attorneys for Defendant
   | PINKERTON GOVERNMENT SERVICES, INC.

6

7

8  | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9  | **FOR THE COUNTY OF ORANGE**

10

11 | CATHERINE E. AVILEZ, as an individual
   | and on behalf of all others similarly situated,

Case No.: 30-2011-00453890-CU-OE-CXC

12 | Plaintiff,

Complaint Filed: February 28, 2011

13 | v.

**DEFENDANT PINKERTON GOVERNMENT SERVICES, INC.'S ANSWER TO CLASS ACTION COMPLAINT**

14 | PINKERTON GOVERNMENT SERVICES,
15 | INC., a corporation; and DOES 1 through 50, inclusive,

16 | Defendants.

Assigned to the Hon. Gail A. Andler
Department CX102

17

18

19 |     Defendant Pinkerton Government Services, Inc. ("Defendant") hereby submits this

20 | Answer for itself and no one else in response to Plaintiff Catherine E. Avilez's ("Plaintiff") Class

21 | Action Complaint ("Complaint").

22 |     1.  Pursuant to the provisions of California Code of Civil Procedure Section 431.30(d),

23 | Defendant denies generally and specifically the allegations of Plaintiff's unverified Complaint

24 | and further denies that Plaintiff suffered any damages as alleged in the Complaint.

25 | **FIRST AFFIRMATIVE DEFENSE**

26 | **(FAILURE TO STATE A CLAIM)**

27 |     2.  Neither the Complaint nor any cause of action contained therein states sufficient facts

28 | to constitute a cause of action against Defendant.

DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT

## SECOND AFFIRMATIVE DEFENSE

### (FAILURE TO STATE A CLASS ACTION – NO CLASS EXISTS)

3.   The Complaint and the purported causes of action set forth therein do not state facts sufficient to certify a class pursuant to California *Code of Civil Procedure* § 382 in that common questions of fact and law do not predominate and this action is not otherwise appropriate for treatment as a class action.

## THIRD AFFIRMATIVE DEFENSE

### (ERISA PREEMPTION)

4.   The Complaint, and each cause of action therein, are preempted by the Employee Retirement and Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1001 *et seq.*  ERISA §514(a) [29 U.S.C. §1144(a)] states that ERISA "shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan[.]"  Section 514(a) of ERISA expressly preempts any and all state laws that related to a covered welfare benefit plan.  ERISA §502(a) [29 U.S.C. §1132(a)] provides an exclusive cause of action for violations of ERISA and displaces state law claims.

## FOURTH AFFIRMATIVE DEFENSE

### (STATUTE OF LIMITATIONS)

5.   Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, including without limitation, Code of Civil Procedure §§ 338(a), 339, and/or 340(a); and Business and Professions Code § 17208, to the extent she seeks relief for conduct occurring outside of the relevant statute of limitations period.

## FIFTH AFFIRMATIVE DEFENSE

### (LABOR CODE SECTION 203 – WAGES TIMELY PAID)

6.   Plaintiff is barred from any recovery under Labor Code § 203 because, at all times relevant to this action, Defendant properly paid employees all wages due and owing within the time required by Labor Code §§ 201 and/or 202.

///

///

-2-

## SIXTH AFFIRMATIVE DEFENSE

### (LABOR CODE SECTION 203 – GOOD FAITH DISPUTE)

7.   Plaintiff is barred from any recovery under Labor Code § 203 because, at all times relevant to this action, there exists and/or existed a good faith factual and/or legal dispute that any wages are and/or were due to Plaintiff pursuant to Labor Code §§ 201 and/or 202.

## SEVENTH AFFIRMATIVE DEFENSE

### (IMPROPER CLASS REPRESENTATIVE)

8.   Plaintiff is not a proper or adequate class representative.

## EIGHTH AFFIRMATIVE DEFENSE

### (NO CLASS-WIDE INJURY)

9.   There has been no class-wide injury as alleged by the named Plaintiff.  The injuries for which recovery is sought by the named Plaintiff on behalf of the alleged class cannot be recovered without proof by each alleged class member as to the specific facts underlying the wage violations alleged by each class member and the losses allegedly suffered as a direct and proximate result of each such alleged violation.

## NINTH AFFIRMATIVE DEFENSE

### (LACK OF DAMAGES)

10. Plaintiff and the entire purported class suffered no damages as a result of the actions allegedly taken by Defendant and are thus barred from recovery on any cause of action against Defendant.

## TENTH AFFIRMATIVE DEFENSE

### (STANDING)

11. The claims of Plaintiff and the entire purported class he seeks to represent under the California *Business & Professions Code* are barred because Plaintiff does not and cannot allege that she has standing to assert such claims on behalf of the general public as required by California *Business & Professions Code* §§ 17203 and 17204.

///

///

## ELEVENTH AFFIRMATIVE DEFENSE

### (LEGITIMATE BUSINESS JUDGMENT)

12. Any and all conduct of which Plaintiff complains, which is attributed to Defendant and/or which Defendant undertook, was a just and proper exercise of discretion and business judgment, undertaken for a fair and honest reason and regulated by good faith under the circumstances then existing.

## TWELFTH AFFIRMATIVE DEFENSE

### (ASSUMPTION OF RISK)

13. Plaintiff's Complaint fails to state facts sufficient to constitute any cause of action in that Plaintiff assumed the risk of the occurrences and damages alleged.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (PROXIMATE CAUSE)

14. Plaintiff, by his own acts and conduct, proximately caused the damages complained of, and, therefore, Defendant has no liability for the purported damages suffered by Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (COMPARATIVE FAULT)

15. Plaintiff, by her own acts and conduct, contributed to the damages complained of, and the liability of Defendant, if any, for the purported damages suffered by Plaintiff must be reduced by an amount proportionate to Plaintiff's comparative fault.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (UNCLEAN HANDS)

16. Plaintiff may not seek relief from this Court in that she comes before this Court with unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (WAIVER)

17. Plaintiff may not seek relief from this Court as her claims are subject to the doctrine of waiver.

///

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (ESTOPPEL)

18. Plaintiff may not seek relief from this Court as her claims, or any of them, are subject to the doctrine of estoppel.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (LACHES)

19. The Complaint, and each count set forth therein, is barred by the doctrine of laches.

## NINETEENTH AFFIRMATIVE DEFENSE

### (FAILURE TO MITIGATE)

20. Plaintiff has failed to mitigate her damages, and to the extent of such failure to mitigate, any damages awarded to Plaintiff should be reduced accordingly.

## TWENTIETH AFFIRMATIVE DEFENSE

### (PAYMENT OF OBLIGATION)

21. Everything owed to Plaintiff by Defendant as a result of any employment relationship was paid to Plaintiff.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (FAILURE OF OBLIGATIONS)

22. Plaintiff has failed to perform all obligations as required by the terms of the alleged employment arrangement, and that performance and/or failure to perform on Plaintiff's part was a condition precedent to the performance of Defendant's obligations.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (SETTLEMENT AND RELEASE)

23. Plaintiff's Complaint, and each cause of action therein, is barred to the extent that such claims were released as part of a prior class action settlement.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (ATTORNEYS' FEES)

24. Plaintiff may not recover attorneys' fees under Labor Code § 218.5 because the Action is not one for the nonpayment of wages, fringe benefits or health and welfare or pension

fund contributions as defined by Labor Code § 218.5.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (ADDITIONAL AFFIRMATIVE DEFENSES)

25. Defendant is informed and believes, and thereon alleges, that certain additional affirmative defenses are available to Defendant. Said affirmative defenses will require further discovery and/or investigation before they can be properly alleged. Defendant will move to amend the answer to allege such affirmative defenses once they have been fully ascertained and can be properly alleged.

**WHEREFORE**, Defendant prays for judgment dismissing the Complaint with prejudice, Plaintiff to take nothing, and that judgment be entered for Defendant for its attorneys' fees and costs of suit herein, and for such other and further relief as the Court determines is proper.


DATED:  March 28, 2011              BROWN GITT LAW GROUP, LLP


                         By:  _____
                              Thomas P. Brown IV
                              Sherry B. Shavit
                              Attorneys for Defendant
                              PINKERTON GOVERNMENT SERVICES,
                              INC.

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1.  At the time of service I was at least 18 years of age and **not a party to this legal action**.

2.  My business address is 300 North Lake Avenue, Suite 200, Pasadena, California  91101.

3.  I served copies of the following documents (specify the exact title of each document served):

   **DEFENDANT PINKERTON GOVERNMENT SERVICES, INC.'S ANSWER TO CLASS ACTION COMPLAINT**

4.  I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| **Larry W. Lee, Esq.**<br>**Daniel H. Chang, Esq.**<br>**DIVERSITY LAW GROUP, APC**<br>**444 South Flower Street, Suite 1370**<br>**Los Angeles, CA 90071** | **Tel: 213.488.6555**<br>**Fax: 213.488.6554** |
| **Edward W. Choi, Esq.**<br>**Paul M. Yi, Esq.**<br>**LAW OFFICE OF CHOI &**<br>**ASSOCIATES, APC**<br>**3435 Wilshire Boulevard, Suite 2400**<br>**Los Angeles, CA 90010-2006** | **Tel: 213.381.1515**<br>**Fax: 213.233.4409** |

5.  a. ☐  **By personal service**. I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

   b. ☒  **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one)*:

   (1) ☐  deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

   (2) ☒  placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

- 7 -

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Pasadena, California.

c. ☐ **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this proof of service or be contained in the Declaration of Messenger below.)

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached.

f. ☐ **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6. I served the documents by the means described in item 5 on *(date):* March 28, 2011

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 3/28/11 | Kelli Dixon | *Kelli Dixon* |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

### DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4. I delivered the documents on the date shown below to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

At the time of service, I was at least 18 years of age. I am not a party to the above referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):* _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| _____ | _____ | _____ |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1.   At the time of service I was at least 18 years of age and **not a party to this legal action**.

2.   My business address is 300 North Lake Avenue, Suite 200, Pasadena, California  91101.

3.   I served copies of the following documents (specify the exact title of each document served):

**DEFENDANT PINKERTON GOVERNMENT SERVICES, INC.'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1331 & 1441(b)  (Federal Question) and 28 U.S.C. §§ 1332(d) & 1453 (Class Action Fairness Act of 2005)**

4.   I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| **Larry W. Lee, Esq.**<br>**Daniel H. Chang, Esq.**<br>**DIVERSITY LAW GROUP, APC**<br>**444 South Flower Street, Suite 1370**<br>**Los Angeles, CA 90071** | **Tel: 213.488.6555**<br>**Fax: 213.488.6554** |
| **Edward W. Choi, Esq.**<br>**Paul M. Yi, Esq.**<br>**LAW OFFICE OF CHOI & ASSOCIATES, APC**<br>**3435 Wilshire Boulevard, Suite 2400**<br>**Los Angeles, CA 90010-2006** | **Tel: 213.381.1515**<br>**Fax: 213.233.4409** |

5.   a. ☐   **By personal service**. I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

b. ☒   **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one)*:

(1) ☐   deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

(2) ☒   placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The

- 14 -

envelope or package was placed in the mail at Pasadena, California.

c. ☐ **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this proof of service or be contained in the Declaration of Messenger below.)

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached.

f. ☐ **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6. I served the documents by the means described in item 5 on *(date):* March __, 2011

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 3/__/11 | Kelli Dixon | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

## DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4. I delivered the documents on the date shown below to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

At the time of service, I was at least 18 years of age. I am not a party to the above referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):* _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| | | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

- 15 -

Defendant's Notice of Removal

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| CATHERINE E. AVILEZ | PINKERTON GOVERNTMENT SERVICES, INC. |

| County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): | County of Residence of First Listed Defendant (In U. S. Plaintiff Cases Only): |
|---|---|
| ORANGE COUNTY | |

| b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| LARRY W. LEE, Esq. DIVERSITY LAW GROUP, 444 S. FLOWER STREET, #1370 LOS ANGELES, CA 90071 213.488.6555 | THOMAS P. BROWN & SHERRY SHAVIT BROWN GITT LAW GROUP, LLP 300 N. LAKE AVE., STE 200 PASADENA CA, 91101; (626) 229-1919 |

**BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | | PTF | DEF |
|---|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | | ☐ 6 | ☐ 6 |

**ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No   ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

U.S.C. §§1332(d) and 1453(CAFA); 29 U.S.C. §§ 1001 et seq. (ERISA)

**NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☒ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/ PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U. S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes If yes, list case number(s): _____

FOR OFFICE USE ONLY: Case Number: _____

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

---

**II(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

        ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

        ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

        ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

---

**VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)

☐ Check here if the U. S. government, its agencies or employees is a named plaintiff.

    ORANGE COUNTY

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary.)

☐ Check here if the U. S. government, its agencies or employees is a named defendant.

    Incorporated in Delaware; principal place of business is Virginia

List the **California County**, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)

Note: In land condemnation cases, use the location of the tract of land involved.

    ORANGE COUNTY

---

SIGNATURE OF ATTORNEY (OR PRO PER): _~Anthony Shavit~_      Date 3/29/2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

## SACV11- 493 DOC (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [X] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.