# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE E. AVILEZ, as an individual and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>PINKERTON GOVERNMENT SERVICES, INC., a corporation; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No.: SACV 11-0493-DOC (RZx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT [199]** |

# ORDER

Plaintiff Catherine E. Avilez ("Plaintiff" or "Class Representative"), having made an application pursuant to Fed. R. Civ. P. Rule 23(e) for entry of an order (a) preliminarily approving the settlement of the litigation pursuant to the Joint Stipulation of Class Action Settlement and Release (the "Agreement"); (b) conditionally certifying for settlement purposes only, a Settlement Class[1] as follows: "All individuals currently and formerly employed by Defendant in California as security guards who worked a shift of at least five (5) hours at any time from September 17, 2009 through December 31, 2016," for purposes of proceedings in connection with the final approval of the Agreement; (c) approving the form of Class Notice of Settlement and directing the manner of delivery thereof; (d) approving Larry W. Lee and Kristen Agnew of Diversity Law Group, P.C.; Edward W. Choi and Paul M. Yi of Law Office of Choi & Associates, as Class Counsel and Plaintiff as Class Representative.

IT IS HEREBY ORDERED THAT:

1. All defined terms contained herein shall have the same meaning as set forth in the Agreement executed by the Parties and filed with this Court.

2. The Agreement is hereby PRELIMINARILY APPROVED as appearing on its face to be fair, reasonable, and adequate and to have been the product of serious, informed, and extensive arm's-length negotiations among the Plaintiff and Defendant Securitas Critical Infrastructure Services, Inc., formerly known as Pinkerton Government Services, Inc. ("Defendant"). In making this preliminary finding, the Court considered the nature of the claims, the relative strength of Plaintiff's claims, the amounts and kinds of benefits paid in settlement, the allocation of settlement proceeds among the class members, and the fact that a settlement represents a compromise of the Parties' respective positions rather than

---

[1] All capitalized terms used herein, unless otherwise defined, have the same definition contained in the Joint Stipulation of Class Action Settlement and Release.

the result of a finding of liability at trial.  The Court further preliminarily finds that the terms of the Agreement have no obvious deficiencies and do not improperly grant preferential treatment to any individual class member.

3. On October 9, 2012, the Court granted Plaintiff's Motion to Certify Class Action on the following claims: (1) violation of Labor Code §226.7; (2) violation of Labor Code §226; and (3) violation of Cal. Bus. & Prof. Code §§17200 et seq. On March 9, 2015, the Ninth Circuit vacated the Court's certification order and directed the Court to certify a Fed. R. Civ. Proc. 23(c)(4) class, excluding anyone subject to Defendant's Dispute Resolution Agreement, on whether a prima facie case for liability exists. The Court made the modified certification order on June 24, 2015.

4. For settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3), the Court conditionally certifies the following Class:

> (a) All individuals currently and formerly employed by Defendant in California as security guards who worked a shift of at least five (5) hours at any time from September 17, 2009 through December 31, 2016.

5. With respect to this provisionally certified class for settlement purposes, if the Agreement does not become final for any reason, the fact that the Parties were willing to stipulate to class certification as part of the Agreement shall have no bearing on, and will not be admissible in connection with, the issue of whether a class in this action should be certified in a non-settlement context.  The Court's findings are for purposes of conditionally certifying a Settlement Class and will not have any claim or issue or evidentiary preclusion or estoppel effect in any other action against the Released Parties, or in this Action if the Agreement is not finally approved.

6. With respect to the provisionally certified class for settlement

purposes only, the Court finds preliminarily, and for purposes of proceeding pursuant to Fed. R. Civ. P. Rule 23(e), that the number of class members is sufficiently numerous, the class members are ascertainable based on the Defendant's records, the Plaintiff's claims are typical of those in the class, and that there is adequate and fair representation.

7. Accordingly, for purposes of the Agreement only, this Court hereby CONDITIONALLY CERTIFIES the class as defined above action pursuant to Fed. R. Civ. P. 23(e).

8. Pursuant to Fed. R. Civ. P. 23(g), the Court hereby APPOINTS as Class Counsel for settlement purposes only Larry W. Lee and Kristen Agnew of Diversity Law Group, P.C. and Edward W. Choi and Paul M. Yi of Law Office of Choi & Associates. The Court finds that Class Counsel collectively have extensive experience and expertise in prosecuting wage and hour class actions.

9. Plaintiff Catherine E. Avilez is approved as Class Representative for the Settlement Class Members for settlement purposes only.

10. The Court finds on a preliminary basis that the proposed settlement described in the Agreement (including the monetary provisions, the plan of allocation, the release of claims, the proposed award of attorneys' fees and costs and the Class Representative Service Payments) falls within the "range of reasonableness" and therefore grants preliminary approval of the Agreement. Based on a review of the papers submitted by the Parties, the Court finds that the Agreement is the result of extensive arms-length negotiations conducted after Class Counsel had adequately investigated the claims and became familiar with the strengths and weaknesses of those claims. The assistance of an experienced mediator in the settlement process supports the Court's conclusion that the Agreement is non-collusive.

11. The Court hereby APPROVES Phoenix Settlement Administrators as

Claims Administrator for the purposes of this settlement.

12. A hearing (the "Final Approval and Fairness Hearing") is hereby SCHEDULED to be held before the Court on __April 17, 2017__ at 8: 30 AM, for the following purposes:

 a. to determine finally whether the additionally provisionally certified class satisfies the applicable prerequisites for class action treatment of a settlement class;

 b. to determine whether the proposed Agreement is fair, reasonable and adequate and should be granted final approval by the Court;

 c. to determine whether the Order of Final Approval as provided under the Agreement should be entered, and to determine whether the Released Parties should be released of and from the Released Claims as provided in the Agreement;

 d. to determine whether the proposed plan of allocation of the Settlement Amount is fair and reasonable and should be approved by the Court;

 e. to finally consider the applications for the Class Representative enhancement payments to named Plaintiff;

 f. to finally determine whether Class Counsel's application for an award of attorneys' fees and costs is fair, reasonable, and adequate and should be approved by the Court;

 g. to determine that the Settlement Administrator's costs should be paid from the Settlement Amount; and

 h. to rule upon such other matters as the Court may deem appropriate.

13. The Notice of Pendency of Class Action and Proposed Settlement

appended to the Agreement as Exhibit A is hereby APPROVED.

14. No later than twenty one (21) calendar days of this Court's Order Granting this Motion for Preliminary Approval or December 31, 2016, whichever is later, Defendant shall provide the Claims Administrator with each Class Member's names, addresses, social security numbers, and the total number of weeks worked by each Settlement Class Member during the Class Periodn ("Settlement Class List").

15. No later than ten (10) calendar days of receipt of the Settlement Class List, the Claims Administrator will send via first class mail the documents constituting the Notice of Pendency of Class Action and Proposed Settlement appended to the Agreement as Exhibit A to each Class Member by first-class mail, postage prepaid.

16. The Court finds that the Class Notice, along with the related notification materials, constitute the best notice practicable under the circumstances and are in full compliance with the laws of the State of California, the United States Constitution, and the requirements of due process. The Court further finds that the notifications fully and accurately inform the Settlement Class Members of all material elements of the proposed settlement, of the Settlement Class Members' right to dispute their share of the settlement, of the Settlement Class Members' right to be excluded from the Settlement Class, and of each Settlement Class Member's right and opportunity to object to the settlement.

17. The Court hereby APPROVES the proposed requests for exclusion deadline of thirty (30) calendar days from the initial mailing of the Notice of Pendency of Class Action and Proposed Settlement.

18. With respect to the provisionally certified class, the Court hereby APPROVES the proposed procedure for opting out of the Settlement Class. The date of the postmark on the return-mailing envelope shall be the exclusive means

used to determine whether a request for exclusion has been timely submitted. Any Settlement Class Member who requests exclusion from the settlement will not be entitled to any share of the settlement and will not be bound by the Agreement or have any right to object, appeal or comment thereon. Members of the Class who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Agreement and the Order and Final Judgment, regardless of whether they otherwise have requested exclusion from the settlement.

19. All reasonable costs of settlement and claims administration, including the mailing of Class Notice, shall be paid for as provided in the Agreement.

20. Any Class Member who has not submitted a request for exclusion may object to the Stipulation of Settlement, or any portion thereof, by filing a written objection with the Court, and supporting papers, if any, and mailing a copy to the Claims Administrator at the address that is set forth in the Notice of Pendency of Class Action and Proposed Settlement as well as Defendants' Counsel and Plaintiff's Counsel. To be timely, all objections must be postmarked no later than thirty (30) calendar days following the date of the first mailing of the Notice by the Claims Administrator ("Objection Deadline"). A written objection must contain : (1) the name and case number of this lawsuit *AVILEZ v. PINKERTON GOVERNMENT SERVICES, INC.,* Case No. SACV 11-0493-DOC; (2) full name and current address of the Objecting Class Member; (3) the specific reason(s) for the objection; and (4) any and all evidence and supporting papers (including, without limitation, all briefs, written evidence, and declarations) to be considered by the Court. Any Objecting Class Member that wishes to appear at the Settlement Hearing and be heard orally in support of, or in opposition to the Settlement, must state so in the objection sent to the Claims Administrator. Objecting Class Members will have the right to appear at the Court's hearing to provide final

approval of the Settlement in order to have their objections heard by the Court. Any Settlement Class Member who fails to timely file such a written statement of his or her intention to object shall be foreclosed from making any objection to this settlement or from filing an appeal to the Court's Final Order and Judgment unless otherwise ordered by the Court. The parties shall not be responsible for any fees, costs, or expenses incurred by any Class Member and/or his or her counsel related to any objections to the Settlement and/or appeals arising therefrom.

21. Except for any Class Member who has timely submitted a request for exclusion Plaintiff and the Settlement Class Members are enjoined from filing or prosecuting any claims, suits or administrative proceedings regarding the Released Claims.

22. It is further ordered that pending further order of this Court, all proceedings in this matter except those contemplated herein and as part of the settlement are stayed.

23. All Parties are otherwise ordered to comply with the terms of the Agreement.

24. Jurisdiction is hereby retained over this Litigation and the Parties to the Litigation, and each of the Class Members for all matters relating to this Litigation, the Agreement, including (without limitation) all matters relating to the administration, interpretation, effectuation, and/or enforcement of the Agreement and this Order.

IT IS SO ORDERED.

DATED: December 12, 2016

*David O. Carter*
HON. DAVID O. CARTER
U.S. DISTRICT COURT JUDGE